In the United States District Court
For the Middle District of Florida
Orlando Division

| | |
|---|---|
| **LOUIS FEDRICK,** <br><br> Plaintiff, <br><br> v. <br><br> **JONATHAN MILLS, individually,** <br><br> Defendants. | Case No. _____ <br> 6:15-cv-1795-ORL-31KRS |

## COMPLAINT

Plaintiff, LOUIS FEDRICK, by and through the undersigned counsel, sues the Defendant, JONATHAN MILLS ("OFFICER MILLS"), individually and alleges as follows:

### INTRODUCTION

1. This is a federal civil rights action on behalf of LOUIS FEDRICK ("MR. FEDRICK").

2. While being seized and arrested by OFFICER MILLS on or about October 4, 2013, Plaintiff, MR. FEDRICK was subjected to excessive force by OFFICER MILLS.

### JURISDICTION AND VENUE

3. The subject incident occurred on or about October 4, 2013 and thereafter. The Original "Federal Question" Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 28 U.S.C. 1343 (a)(3) to redress the deprivation, under color of state law, of rights secured to MR. FEDRICK by the United States Constitution.

4. This Court has subject-matter jurisdiction over this matter pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343(a)(3) to redress deprivation, under color of state law, of rights secured to MR. FEDRICK by the United States Constitution.

1

5. MR. FEDRICK'S claims for relief are predicated upon 42 U.S.C. § 1983, which authorizes actions to redress the deprivation, under color of state law, of rights, privileges and immunities secured to MR. FEDRICK by the Constitution and laws of the United States and by 42 U.S.C. § 1988. The Fourth Amendment to the United States Constitution is applicable to the States pursuant to the Fourteenth Amendment.

6. Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because one or more Defendants are situated within, and under 28 U.S.C. § 1391(b)(2) because all or a substantial part of the wrongful acts complained of occurred within, the Middle District of Florida.

7. At all times material hereto, MR. FEDRICK was a resident of Orange County, Florida.

8. All conditions precedent to this lawsuit, if any, have been satisfied or waived.

9. This is a civil Complaint in which the damages exceed the amount of $75,000, exclusive of attorney's fees and costs.

10. All events giving rise to the Complaint occurred in Orange County, Florida.

## PARTIES

11. At all times material hereto, and at the time of the incident giving rise to this lawsuit, MR. FEDRICK, was a citizen of the United States and a resident of the City of Orlando, County of Orange and State of Florida.

12. Defendant, OFFICER MILLS, was at all times pertinent hereto, an Officer of the Orlando Police Department ("OPD") acting within the course and scope of his employment with OPD when he injured MR. FEDRICK. OFFICER MILLS is sued in his individual capacity.

13. At all times pertinent hereto, the Defendant was acting under color of state law.

## ALLEGATIONS OF FACT

14. On or about October 4, 2013, OFFICER MILLS detained MR. FEDRICK for suspicion of driving while license suspended.

15. MR. FEDRICK was standing in a parking lot located at 826 W. Washington Street, Orlando, FL. at which time OFFICER MILLS ordered Mr. FEDRICK to come stand at the rear of the vehicle that OFFICER MILLS accused MR. FEDRICK of driving.

16. Mr. FEDRICK complied with OFFICER MILLS' order and walked and stood by the rear of the vehicle.

17. Mr. FEDRICK questioned OFFICER MILLS' reasoning for detaining him and placed his hands up in a non-threatening manner.

18. OFFICER MILLS then deployed his electronic control device and tazed MR. FEDRICK in his front torso area.

19. MR. FEDRICK stumbled a short distance in the parking lot and was then tazed for a second time by OFFICER MILLS in his front area.

20. OFFICER MILLS then slammed MR. FEDRICK to the pavement and while arresting/handcuffing MR. FEDRICK, twisted and yanked on MR. FEDRICK's arms in a forceful manner.

21. At the time that MR. FEDRICK was tazed, slammed to the ground and had his arms yanked and twisted by OFFICER MILLS, he was an unarmed 57 year old man, who was not acting aggressively or violently, and did not pose a threat to OFFICER MILLS.

22. MR. FEDRICK was placed under arrest by OFFICER MILLS for resisting an officer without violence and driving on a suspended license. MR. FEDRICK was transported from the scene of the incident to Florida South Hospital.

23. MR. FEDRICK's left shoulder/rotator cuff and right elbow were severely injured resulting in multiple surgeries as a direct and proximate result of being slammed to the ground and having his arms yanked/twisted by OFFICER MILLS.

24. On April 11, 2014, the State Attorney's Office dismissed the Resisting an Officer Without Violence charge.

25. As a result of OFFICER MILLS' excessive use-of-force, MR. FEDRICK has incurred significant medical expenses, as well as non-economic damages.

## COUNT I – 42 U.S.C. § 1983 – Excessive Force

### Violation of LOUIS FEDRICK'S Fourth Amendment Rights under 42 U.S.C. § 1983 (as to Defendant, JONATHAN MILLS)

26. MR. FEDRICK re-alleges paragraphs 1-25 as though fully set forth herein.

27. At all times material hereto, OFFICER MILLS was in full OPD uniform and using his discretion and arrest powers as an OPD officer.

28. OFFICER MILLS had a legal duty to use only that amount and degree of force upon MR. FEDRICK as was reasonable under the circumstances.

29. In complete, utter, and reckless disregard of that duty, OFFICER MILLS intentionally and unreasonably used excessive force on the person of MR. FEDRICK when he tazed, slammed to the ground and forcefully yanked/twisted MR. FEDRICK's arms directly causing the injuries suffered by MR. FEDRICK who did not pose a threat to OFFICER MILLS.

30. The utilization of force by OFFICER MILLS was unnecessary, unwarranted, unreasonable and excessive in violation of MR. FEDRICK's recognized and established Fourth Amendment Constitutional Right to be free from excessive force.

31. By reason of the foregoing, OFFICER MILLS violated 42 U.S.C. § 1983.

32. As a direct and proximate cause, MR. FEDRICK suffered bodily injury, resulting

...

in past and future pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, past and future medical expenses and loss of earnings.

33. The conduct of OFFICER MILLS is sufficient to support a finding of malice and willful and wanton disregard, and to support a claim for punitive damages.

34. Pursuant to 42 U.S.C. § 1988, this Court, in its discretion, may allow the prevailing party in § 1983 actions, such as the instant case, a reasonable attorney's fee as part of the costs.

WHEREFORE, Plaintiff prays that this Court enter judgment against Defendant, OFFICER MILLS, awarding compensatory damages, non-economic damages, punitive damages, attorney's fees and costs, and further requests trial by jury on all issues so triable and for any further relief as this Court deems just.

DATED this 20th day of October, 2015.

TRAVIS M. WILLIAMS, ESQ.
Florida Bar No.: 393370
*The Law Office of Travis Williams, P.A.*
1115 E. Livingston Street
Orlando, Florida 32803
(407) 425-4755
(407) 425-3931 facsimile
Counsel for Plaintiff
tw@floridadefenselaw.com
lw@floridadefenselaw.com
Counsel for Plaintiff